UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>CONTESSA LUKKES,<br><br>  Defendant. | CR. 18-50139-01-JLV<br><br><br>ORDER |

The court sentenced defendant Contessa Lukkes to custody in the United States Bureau of Prisons for the following offenses: conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1349 & 1344; bank fraud in violation of 18 U.S.C. § 1344(2); aggravated identity theft in violation of 18 U.S.C. § 1028(A)(a)(1); and theft or receipt of stolen mail in violation of 18 U.S.C. § 1708. (Docket 110).  Ms. Lukkes, appearing *pro se*, filed a motion seeking the return of personal property pursuant to Fed. R. Crim. P. 41(e).[1]  (Docket 115).  Ms. Lukkes seeks the return of "any personal property that may be held by the government as evidence pertaining to" her case.  Id.  In addition to any items constituting evidence, Ms. Lukkes asks the court to return to her the following:

> A green purse;
> A black HP Printer;
> The contents inside purse including a wallet; and
> Any other items associated with her case.

Id.

---

[1] Fed. R. Crim. P. 41(e) has been re-designated as Rule 41(g).

The government's response indicated a significant number of items were recovered as part of the investigation into the defendant's criminal conduct. Those items include:

> a wallet with several debit/credit cards in Ms. Lukkes' name;
> $193 cash in the wallet,
> debit/credit cards belonging to L.C. and R.W.[2]
> a LG cell phone,
> quart-sized Ziploc bag containing rubber gloves;
> a South Dakota driver's license in the name of Contessa Lukkes
> a gray purse with various receipts in it;[3]
> nail polish remover;
> check printing paper and transfer checks for a credit card belonging to B.S.; and
> a HP Office Jet Pro. 8720 printer.

(Docket 122 at pp. 2-4). The government does not oppose the return of "the purse (green/grey), cell phone and the wallet (excluding any and all credit cards)." Id. at p. 5. The government objects to the return of any of the other items seized as they were either used in defendant's criminal scheme or purchased with money obtained by her criminal conduct. Id. at pp. 3-5. By way of example, the government represents that the HP printed was purchased by Ms. Lukkes using a stolen credit card. Id. at p. 4.

The Federal Rules of Criminal Procedure provide:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was

---

[2]Defendant's crime of conviction involved the use of credit cards in the name of or belonging to others. To protect the identity of those victims, the court will only identify them by initials.

[3]The government acknowledges the gray "purse is olive colored and could also be described as green." (Docket 122 at p. 3 n.1).

>seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

To be successful on a Rule 41(g) motion, Ms. Lukkes must "establish lawful entitlement to the property." Jackson v. United States, 526 F.3d 394, 396 (8th Cir. 2008). "Where there is a fact dispute regarding who has custody or is entitled to possession of the subject property, the court must hold a hearing to determine those issues." United States v. Timley, 443 F.3d 615, 625 (8th Cir. 2006). "When it is apparent that the person seeking a return of the property is not lawfully entitled to own or possess the property, the district court need not hold an evidentiary hearing." United States v. Felici, 208 F.3d 667, 670 (8th Cir. 2000), abrogated in part on other grounds by Henderson v. United States, 575 U.S. 622 (2015). The government presented uncontested statements countering defendant's claims to some of the property at issue.[4]

"Derivative contraband . . . [is property that] may be lawfully possessed but which became forfeitable because of unlawful use." Id (citing United States v. Eighty-Eight Thousand, Five Hundred Dollars, 671 F.2d 293, 297 n.8 (8th Cir. 1982)). As Ms. Lukkes was not employed at the time of her criminal spree, the cash as well as the other items seized by law enforcement

---

[4]Ms. Lukkes did not file a reply brief in response to the government's brief and the time for doing so expired. D.S.D. Crim. LR 47.1(C).

were derived from her criminal conduct.  Id. at 671.  No evidentiary hearing is required to consider defendant's claim as "it is apparent that the person seeking a return of the property is not lawfully entitled to own or possess the property."  Id. at 670.

As the government does not oppose the return of the purse, the LG cell phone and the wallet, excluding all credit cards and cash, those items may be returned to defendant.  Good cause appearing, it is

ORDERED that defendant's motion (Docket 115) is granted in part and denied in part.

IT IS FURTHER ORDERED that the government shall release to defendant's attorney Ellery Grey, for ultimate restoration to the defendant, the following items:

> The green/grey purse;
> The LG cell phone; and
> Ms. Lukkes' wallet, excluding all cash and credit cards.

IT IS FURTHER ORDERED that the remaining items seized from Ms. Lukkes or obtained by law enforcement as a result of the investigation and prosecution in this case are classified as derivative contraband and subject to forfeiture.  18 U.S.C. § 982(a)(2).

Dated May 4, 2022.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE